**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  )   ) **Plaintiff,**  )   ) v.  )   ) **WYLIE DAWSON,**  )   ) **Defendant.**  )   ) | ) No. 05-3106-CM  ) No. 02-20058-01 |

**MEMORANDUM AND ORDER**

On June 20, 2002, a grand jury returned a one-count indictment charging defendant with possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On October 7, 2002, defendant entered a plea of guilty to Count 1, and the court accepted the plea. The court sentenced defendant to sixty-three months imprisonment on January 27, 2003, and judgment was entered on February 3, 2003. The sentence became final ten days after entry of judgment, when his time for appeal expired. Fed. R. App. P. 4(b)(1)(A)(I); *United States v. Burch*, 202 F.3d 1274, 1278-79 (10th Cir. 2000).

This case is before the court on defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 37), which defendant filed March 4, 2005. Defendant argues that his counsel was ineffective at sentencing for failing to object to a fact that increased his sentence based on a two-level firearms sentencing enhancement.

**I.     Statute of Limitations**

> A § 2255 motion must be filed within one year from the latest of:
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

As an initial matter, the court notes that defendant's March 4, 2005 filing was untimely under subsection (1) because it was filed more than one year after defendant's conviction was final. And no other subsections of § 2255 permit defendant to raise his claim beyond that date. To the extent that defendant seeks relief under *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), the Tenth Circuit has held that neither decision is retroactive. *See United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005) (*Blakely*); *United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005) (*Booker*). The Supreme Count issued *Blakely* on June 24, 2004 and *Booker* on January 12, 2005. Both opinions were issued after defendant's conviction was final. Nevertheless, because the government did not raise the statute of limitations issue, the court considers whether defendant is otherwise entitled to relief. *See United States v. Carter*, No. 00-2000, 2000 WL 1059317, at *1 n.1 (10th Cir. Aug. 2, 2000) (recognizing that the Tenth Circuit has not decided whether the statute of limitations defense can be raised by the court *sua sponte* in a habeas action). *But see Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999) (holding that the court may raise the one-year limitation *sua sponte*).

**II.     Plea Agreement**

The court also finds that defendant waived his right to challenge his counsel's alleged ineffectiveness in his plea agreement. The government asks the court to enforce the plea agreement based on petitioner's waiver of his right to collaterally attack any matter in connection with his prosecution and sentence. The court will hold a defendant and the government to the terms of a lawful plea agreement. *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). Generally, a knowing and voluntary waiver of § 2255 rights is enforceable. *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001). The court applies a three-pronged analysis to evaluate the enforceability of such a waiver, in which the court must determine: (1) whether the scope of the waiver covers the disputed issue; (2) whether the defendant knowingly and voluntarily waived his rights; and (3) whether enforcement of the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

*A.     Scope of the Waiver*

In determining whether the disputed issue falls within the scope of the waiver, the court begins with the plain language of the plea agreement. *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004); *Hahn*, 359 F.3d at 1328. The pertinent provision in petitioner's plea agreement provides:

> The defendant expressly waives the right to appeal his conviction and/or sentence on any ground, including any appeal right conferred by Title 18, United States Code § 3742, and the defendant further agrees not to contest his conviction and/or sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code § 2255. The defendant understands and acknowledges that his sentence will be determined and imposed pursuant to the United States Sentencing Guidelines. The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum established for the offense and expressly waives the right to appeal his sentence, directly or collaterally, on any ground except for: 1) an upward departure by the sentencing judge, 2) a sentence in excess of the statutory maximum, or 3) a sentence in violation of law apart from the Sentencing Guidelines. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b),

the defendant is released from this waiver and may appeal his sentence as authorized by 18 U.S.C. § 3742(a).

The court construes the plea agreement "according to contract principles and what the defendant reasonably understood when he entered his plea." *Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted). The court strictly construes the waiver and resolves any ambiguities against the government. *Hahn*, 359 F.3d at 1343.

In the case at hand, defendant claims that his counsel was ineffective for failing to object to a two-level gun enhancement. Setting aside the fact that his counsel *did* actually object to the enhancement, the court finds that defendant's claim falls squarely within the waiver in the plea agreement. The court makes this finding despite the fact that, in his reply memorandum, defendant argues that he is actually claiming that his counsel was ineffective in negotiating the plea agreement. Defendant's petition does not allege that his counsel was ineffective in negotiating the plea agreement, and the court will not allow defendant to supplement his already-untimely petition with a new claim in his reply brief. *Cf. United States v. Espinoza-Saenz*, 235 F. 3d 501, 504-505 (10th Cir. 2000) (holding that Fed. R. Civ. P. 15 allows a petitioner to amend his § 2255 motion "'as long as the petition itself was timely filed and the petitioner does not seek to add an entirely new claim or new theory of relief'" (citation omitted)).

### B.   *Knowing and Voluntary*

Defendant acknowledged that he was entering into the plea agreement knowingly and voluntarily. The following exchange occurred during the change of plea hearing held before the court on October 7, 2002:

> THE COURT: And as such, are you asking the Court of your own free will to accept your guilty plea?
> THE DEFENDANT: Yes, your honor.

-4-

> THE COURT: Have you had a full opportunity to speak with Mr. Harris regarding this charge against you?
> THE DEFENDANT: Yes, your honor.
> THE COURT: And after going over the matter thoroughly with your attorney and learning the evidence against you, have you decided that what you want to do is plead guilty to this charge?
> THE DEFENDANT: Yes, your honor.
> THE COURT: Is the decision to plead guilty your decision or your attorney's?
> THE DEFENDANT: My decision, your honor.

The court has reviewed the entire transcript of the change of plea hearing, and finds that the factual circumstances surrounding the plea in this case serve as compelling evidence that defendant voluntarily and knowingly entered a plea. *See Hahn*, 359 F.3d at 1325 (explaining that the court looks to an informed plea colloquy for evidence that defendant knowingly and voluntarily entered into agreement). Nothing in the record suggests that defendant's plea or waiver was unknowing or involuntary. Because defendant is "bound by his 'solemn declarations in open court,'" *Lasiter v. Thomas*, 89 F.3d 699, 703-04 (10th Cir. 1996), the court finds that defendant knowingly and voluntarily entered his plea.

## C.   *Miscarriage of Justice*

Enforcing a waiver results in a miscarriage of justice only if (1) the court relied on an impermissible factor such as race; (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Hahn*, 359 F.3d at 1327. Defendant bears the burden of showing that one of these factors is met. *Anderson*, 374 F.3d at 959 (citation omitted). Defendant has not met his burden with respect to any of these factors. Although defendant does state in his reply brief that his counsel was ineffective in the negotiation of his plea agreement, defendant makes nothing more than conclusory

-5-

allegations. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that conclusory allegations are insufficient to state a claim, even where the [defendant] proceeds *pro se*).

### III.  Merits of Defendant's Claim

Even if the court were to consider the merits of defendant's claim, the result would be the same. Although defendant does not specifically mention *Blakely* or *Booker*, the relief that he seeks is based on the rationale of these cases. As previously noted, *Blakely* and *Booker* do not apply retroactively. *See Price*, 400 F.3d at 849; *Bellamy*, 411 F.3d at 1188. And counsel's failure to anticipate the cases does not constitute ineffective assistance. *United States v. Castillo-Olivas*, 167 Fed. Appx. 71, 71 (10th Cir. 2006). Defendant is not entitled to relief on his claim that, due to counsel's ineffective assistance, he was sentenced based on an enhancement that was not presented to a jury or proved beyond a reasonable doubt.

### IV.  Conclusion

The record before the court conclusively shows that defendant is not entitled to relief. Accordingly, no evidentiary hearing is required. *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (holding that no hearing is required where factual matters raised by a § 2255 petition may be resolved on the record).

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 37) is denied.

-7-

Dated this 12th day of May 2006, at Kansas City, Kansas.

                                        **s/ Carlos Murguia**
                                        **CARLOS MURGUIA**
                                        **United States District Judge**